NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MATTHEW J. NASUTI,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2010-3028

---

Petition for review of the Merit Systems Protection Board in DC1221090356-W-1.

---

Decided: May 20, 2010

---

MATTHEW J. NASUTI, of Deerfield, Maine, pro se.

JEFFREY A. GAUGER, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were JAMES M. EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

---

Before BRYSON, DYK, and PROST, *Circuit Judges*.

PER CURIAM.

## DECISION

Matthew J. Nasuti appeals from a decision of the Merit Systems Protection Board dismissing his Individual Right of Action appeal. We vacate in part, affirm in part, and remand.

## BACKGROUND

Effective March 13, 2008, Mr. Nasuti was appointed to a one-year excepted service position as Senior City Management Advisor in the State Department's Iraq Transition Assistance Office. During the first two weeks of his appointment, Mr. Nasuti attended the agency's Iraq Orientation/Foreign Affairs Counter-Terrorism ("FACT") course.

According to Mr. Nasuti, during a defensive driving course on March 28, 2008, the instructor, Martin Burk, fired several shots from a pistol while he was inside a vehicle with Mr. Nasuti and two other trainees. Mr. Nasuti and the other trainees were not wearing hearing protection devices at the time. After the group returned to the classroom, Mr. Nasuti asked Mr. Burk, in front of 25 class members, if he needed hearing protection for the next training segment because of the dangerous noise levels. Mr. Burk responded by ejecting Mr. Nasuti from the classroom. The two proceeded to the parking lot where they engaged in an argument. A few hours later, Mr. Nasuti received a phone call in which he was told that his employment had been terminated, effective immediately, for "operational reasons."

Mr. Nasuti appealed his termination to the Merit Systems Protection Board. The Board dismissed the appeal for lack of jurisdiction, however, because Mr. Nasuti was serving in a temporary excepted service appointment and therefore was not an "employee" within the meaning of 5 U.S.C. § 7511. For that reason, he was not entitled to take an adverse action appeal to the Board from his removal. *See id.* § 7513(d).

Shortly after his adverse action appeal was dismissed, Mr. Nasuti filed a complaint with the Office of Special Counsel ("OSC"). In his complaint, he alleged that he was terminated in retaliation for making disclosures protected under the Whistleblower Protection Act ("WPA"). *See* 5 U.S.C. § 2302(b)(8). Specifically, he alleged that he had made a protected disclosure concerning the dangerous noise levels during the FACT course. He also alleged that he had made another protected disclosure on April 11, 2008, when he wrote to Gregory Starr, Assistant Secretary for Diplomatic Security, and stated that an instructor told trainees "to use local civilians as human shields." On February 23, 2009, the OSC terminated its inquiry without taking any corrective action.

Mr. Nasuti then filed an individual right of action appeal to the Board under 5 U.S.C. § 1221. The administrative judge who was assigned to the case ordered Mr. Nasuti to file evidence and argument to establish that the Board had jurisdiction over his claim. After considering Mr. Nasuti's submissions, the administrative judge dismissed the case for lack of jurisdiction. The administrative judge ruled that Mr. Nasuti had failed to present "a nonfrivolous allegation that, at the time of the alleged disclosure, he had a reasonable belief that conduct of Mr. Burk resulted in exceeding allowable noise levels" and thus constituted a violation of law, rule, or regulation or a substantial and specific danger to public health or safety.

Even assuming that Mr. Nasuti could demonstrate such a reasonable belief, the administrative judge concluded that a disclosure to Mr. Burk, the alleged wrongdoer, did not qualify as a protected disclosure, and that there was no evidence that Mr. Nasuti had informed the OSC that he made a protected to disclosure to anyone other than Mr. Burk. With respect to that aspect of his appeal, according to the administrative judge, Mr. Nasuti had not exhausted his administrative remedies.

The administrative judge also addressed Mr. Nasuti's allegation that after he was terminated he wrote a letter to the Assistant Secretary of State for Diplomatic Security complaining, among other things, that the trainers in the FACT course had taught employees how to use foreign civilians as "human shields." The administrative judge ruled that the second disclosure was not protected because it occurred after Mr. Nasuti had already been removed. With respect to Mr. Nasuti's argument that the post-removal disclosure had resulted in an adverse comment on the form SF-50 that set forth the reason for his removal, the administrative judge ruled that the Board lacked jurisdiction over that claim because Mr. Nasuti had not alleged to the OSC that anyone involved in the issuance of the SF-50 had actual or constructive knowledge of any protected disclosures or had acted in retaliation for any such disclosures. The administrative judge therefore concluded that, in the case of the second disclosure as in the case of the first, Mr. Nasuti had not met the requirement that he exhaust his remedies before the OSC.

Mr. Nasuti appealed the jurisdictional dismissal to the full Board. The Board vacated the administrative judge's initial decision, reopened the case on its own motion, and issued a new opinion. With regard to Mr. Nasuti's alleged disclosure on March 28, 2008, the Board

held that the record did not show that Mr. Nasuti had asserted to the OSC that he made his disclosure regarding the pistol firing incident to anyone in a position to correct the problem; as to Mr. Nasuti's claim that he made the disclosure to his fellow classmates, the Board concluded that there was nothing in the record "to suggest that he considered the other trainees to be anything other than witnesses to his complaint to Burk or that he identified the trainees to OSC as supervisors or agency officials to whom he was making a protected disclosure." With regard to his disclosure regarding the instructions about using civilians as human shields, the Board found that Mr. Nasuti had not argued before the OSC that the remarks on the form SF-50 constituted a separate personnel action taken in retaliation for a protected disclosure. Accordingly, the Board dismissed Mr. Nasuti's appeal for lack of jurisdiction. Mr. Nasuti appeals that decision.

DISCUSSION

1. As to the March 28, 2008, disclosure, the Board held that Mr. Nasuti failed to make a nonfrivolous allegation of a protected disclosure because he made that disclosure to Mr. Burk, the alleged wrongdoer. *See Huffman v. Office of Pers. Mgmt.*, 263 F.3d 1341, 1350 (Fed. Cir. 2001). The Board rejected Mr. Nasuti's argument that he disclosed Mr. Burk's conduct both to Mr. Burk and to the other members of the training class on the ground that Mr. Nasuti failed to make that allegation to the OSC.

In reviewing the Board's ruling on that issue, we were confronted with an issue regarding the contents of the record on appeal. In his brief, Mr. Nasuti relies on a letter dated February 7, 2009, that Mr. Nasuti claims to have sent to the OSC while the OSC was considering his case. In the February 7, 2009, letter, a copy of which Mr. Nasuti has included in his appendix, he stated that he

"raised concerns about dangerous noise levels (to everyone in the room)." He also stated that "the training class included at least one Deputy Chief of Mission and one or more State Department lawyers. All of these people . . . had authority to pursue or recommend the remediation of the problem."

On its face, that letter appears to be contrary to the Board's conclusion that Mr. Nasuti had not asserted to the OSC that he made his disclosure regarding the pistol firing incident to anyone in a position to correct the problem and that he had not identified the other trainees to OSC as supervisors or agency officials to whom he was making a protected disclosure. Although the February 7, 2009, letter was not part of Mr. Nasuti's formal OSC complaint, it is not necessary for a claimant to include all of his allegations in his OSC complaint in order to exhaust his administrative remedies, as long as those allegations are placed before the OSC while the OSC is conducting its investigation. *See Ward v. Merit Sys. Prot. Bd.*, 981 F.2d 521, 526 (Fed. Cir. 1992); *see also Taylor v. Dep't of the Navy*, 101 M.S.P.R. 478, 482 (2006) ("An appellant . . . may show exhaustion of his OSC remedy through means other than his OSC complaint.").

The problem is that the February 7, 2009, letter does not appear to be part of the record in the Board proceeding and thus, although it is included in Mr. Nasuti's appendix, it is not part of the record on appeal. Under the Board's regulations, it appears to be the obligation of the appellant in an individual right of action appeal to submit to the Board all of the pertinent materials submitted to the OSC that are necessary to demonstrate that the appellant has exhausted his administrative remedies before the OSC. *See* 5 C.F.R. § 1209.6(a)(6). The task of determining whether the February 7, 2009, letter should have been included in the record, and if so whether the

appeal should be reopened to permit the inclusion of that letter in the record, is a matter for the Board to address in the first instance. Accordingly, as to this issue we vacate and remand to the Board to allow the Board to determine whether the February 7 letter should have been part of the record, whether it should be included in the record at this point, and whether, if it is included in the record, the Board's decision in this case should be altered.

2. As to Mr. Nasuti's April 2008 disclosure, the Board held that the disclosure could not be a contributing factor to the alleged personnel action, i.e., his termination, because he had already been terminated on March 28, 2008. The Board also held that Mr. Nasuti failed to exhaust his remedies before the OSC with regard to his contention that the adverse comments on his form SF-50 constituted a separate personnel action that was taken in retaliation for his protected disclosure. In any event, the Board ruled that the issuance of the SF-50 was not a personnel action separate from his termination, because the issuance of an SF-50 is merely "a clerical documentation task which customarily occurs after the effective date of a personnel action."

On appeal, Mr. Nasuti argues that his SF-50 was a personnel action because the SF-50 recited that his removal was for "disruptive behavior during training," even though his removal letter had stated that his employment was terminated for "operational reasons."[1]  Although the

---

[1]    Mr. Nasuti also argues that his SF-50 was a personnel action because his original termination letter was issued without authority. However, Mr. Nasuti bears the burden of establishing jurisdiction, 5 C.F.R. § 1201.56(a)(2)(i); *Stern v. Dep't of the Army*, 699 F.2d 1312, 1314 (Fed. Cir. 1983), and he has not produced any evidence that his termination letter was issued without authority.

Board ruled that Mr. Nasuti had failed to exhaust his OSC remedies with regard to his contention that the reference to "disruptive behavior" on the SF-50 constituted a "personnel action" under the WPA, the respondent now concedes that the Board's ruling on that issue was incorrect. Nevertheless, the respondent argues that the Board's error is harmless because Mr. Nasuti did not allege that the official who approved the SF-50 had any knowledge of Mr. Nasuti's April 2008 letter.

The fact that the official who prepared the SF-50 may not have been aware of the alleged protected disclosure is not a sufficient basis for holding that Mr. Nasuti failed to raise a non-frivolous allegation of reprisal. The information on the SF-50 as to his "disruptive behavior during training" ultimately must have come from someone with knowledge of Mr. Nasuti's circumstances. Whether the person who was the ultimate source of that comment on the SF-50 was also aware of Mr. Nasuti's April 2008 letter is not something that is clear from the record, nor is it something that Mr. Nasuti can be expected to know. We therefore reject the respondent's argument that Mr. Nasuti's allegations are frivolous because the official who prepared the SF-50 was not shown to have been aware of the April 2008 letter.

Mr. Nasuti's claim with respect to the April 2008 disclosure fails on the other ground invoked by the Board, however: that the SF-50 did not qualify as a "personnel action" for purposes of the WPA. As the Board explained, an SF-50 is not a personnel action in itself, but is merely an after-the-fact record of a personnel action previously taken. Moreover, in this case both the disclosure (the April 2008 letter) and the alleged personnel action (the issuance of the SF-50) occurred at a time when Mr. Nasuti was no longer employed by the agency. Although the WPA allows an individual right of action to be prose-

cuted by "an employee, former employee, or applicant for employment," 5 U.S.C. § 1221(a), the statute requires that the "personnel action" that is the subject of the individual right of action be taken "with respect to an employee in, or applicant for, a covered position in an agency," *id.* § 2302(a)(2), and it prohibits the personnel action from being taken "with respect to any employee or applicant for employment" because of a protected disclosure of information "by an employee or applicant," *id.* § 2302(b)(8). Although the WPA is remedial legislation and is construed liberally to effectuate its purposes, *Weed v. Soc. Sec. Admin.*, 113 M.S.P.R. 221, 227 (2010), it is difficult to stretch the statutory language to cover a claim brought by a former employee complaining of agency action taken after the termination of employment in response to a disclosure that was also made after the termination of his employment. Accordingly, we agree with the Board that the issuance of the SF-50 does not suffice to serve as a predicate for Mr. Nasuti's individual right of action appeal. With respect to the April 2008 disclosure, we therefore affirm the Board's decision.[2]

3. Finally, Mr. Nasuti argues that the administrative judge assigned to his case should have been removed from

---

[2]  Mr. Nasuti argues that the agency violated OPM guidelines by placing comments on his SF-50 because he was an employee without a right of appeal to the Board, and that the agency should be bound to its original declaration that Mr. Nasuti's termination was for "operational reasons." However, the merits of his claim that adverse comments should not have been placed on his SF-50 are outside the scope of an individual right of action appeal, which is limited to whether a personnel action was taken in retaliation for a protected disclosure; an individual right of action proceeding does not address whether the personnel action in question was otherwise unlawful. *See Drake v. Agency for Int'l Dev.*, 543 F.3d 1377, 1380 (Fed. Cir. 2008).

the case for bias. We see no impropriety in the administrative judge's actions. She did not impede Mr. Nasuti's ability to argue his case. In fact, she admonished him to provide "factual evidence and arguments in his pleadings and at any hearing which may be granted in this case." Nor did the administrative judge impose a "gag order" suppressing Mr. Nasuti's efforts to assert his legal position, as Mr. Nasuti contends; to the contrary, the administrative judge merely prohibited "ad hominem attacks against opposing counsel." That order was well within the administrative judge's discretion in overseeing the matters before her. *See* 5 C.F.R. § 1201.41(b)(6). We therefore uphold the Board's decision on that issue. We also reject Mr. Nasuti's claim that this case should be transferred to a United States district court.

**VACATED IN PART, AFFIRMED IN PART
AND REMANDED**