NOTE: This disposition is nonprecedential

# United States Court of Appeals for the Federal Circuit

---

**MATTHEW J. NASUTI,**
*Petitioner,*

v.

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2011-3048

---

Petition for review of the Merit Systems Protection Board in Case No. DC1221090356-M-1.

---

Decided: October 14, 2011

---

MATTHEW J. NASUTI, Deerfield, Massachusetts, pro se.

JEFFREY A. GAUGER, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. Of counsel on the brief were JAMES M. EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

---

Before LOURIE, BRYSON, and DYK, *Circuit Judges.*

PER CURIAM.

Matthew J. Nasuti petitions for review of a final order of the Merit Systems Protection Board ("Board"). The Board dismissed the appeal for lack of jurisdiction. *Nasuti v. Dep't of State* ("*Final Order*"), DC-1221-09-0356-M-1 (M.S.P.B. Dec. 16, 2010). We *affirm*.

BACKGROUND

This case returns to us after a remand. The pertinent facts are set forth in our earlier decision. *See Nasuti v. Merit Sys. Prot. Bd.* ("*Remand Order*"), No. 2010-3028, 2010 WL 2008852 (Fed. Cir. May 20, 2010). Briefly, Nasuti was appointed to a one-year excepted service position as Senior City Management Advisor in the State Department's Iraq Transition Assistance Office effective March 13, 2008. Nasuti alleges that on March 28, 2008, during an agency defensive driving course, instructor Martin Burk fired multiple pistol shots from inside a vehicle in which Nasuti and other trainees were riding. Upon returning to the classroom, Nasuti allegedly asked Burk, in front of 25 other class members, if hearing protection was needed for the next training segment because of dangerous noise levels. Burk ejected Nasuti from the classroom, and the two engaged in an argument in the parking lot. A few hours later, Nasuti was informed over the telephone that his employment was terminated, effective immediately, for "operational reasons."

After bringing an unsuccessful adverse action appeal, Nasuti filed a complaint with the Office of Special Counsel ("OSC"), alleging that his termination was retaliation for making disclosures protected under the Whistleblower Protection Act. *See* 5 U.S.C. § 2302(b)(8). Among other things, Nasuti alleged that he made a protected disclosure

regarding dangerous noise levels during the agency driving course. The OSC terminated its inquiry with no corrective action.

Nasuti then filed an Individual Right of Action ("IRA") appeal to the Board under 5 U.S.C. § 1221. On March 6, 2009, the administrative judge ("AJ") issued an order instructing Nasuti on his burden to establish the Board's jurisdiction over his claim. *Nasuti v. Dep't of State* ("*2009 Show Cause Order*"), DC-1221-09-0356-W-1 (M.S.P.B. Mar. 6, 2009). Specifically, the order stated that "[i]f appellant has additional evidence regarding his allegations raised to OSC, he should provide it in response to this order." *Id.* at 4. Further, the AJ noted that Nasuti's "pleadings to OSC or the decision letter are necessary to determine whether [Nasuti] exhausted his administrative remedies." *Id.* at 4 n.2. After receiving Nasuti's submissions, the AJ dismissed the case for lack of jurisdiction. Nasuti subsequently sought review of the AJ's initial decision by the full Board. The Board vacated the AJ's initial decision and issued a new opinion, which again dismissed the IRA appeal for lack of jurisdiction. Among other holdings, the Board held that Nasuti's alleged disclosure to Burk did not qualify as a protected disclosure because the disclosure was made to the wrongdoer himself. The Board found nothing in the record to suggest that Nasuti had alleged before the OSC that he made a protected disclosure to any supervisors or agency officials who could remedy the situation.

On review by this Court, Nasuti submitted a purported February 7, 2009, letter from him to the OSC alleging that he complained about the noise levels to officials who had the "authority to pursue or recommend the remediation of the problem." *Remand Order*, 2010 WL 2008852, at *2. We concluded that "[o]n its face, that letter appears to be contrary to the Board's conclusion

that Mr. Nasuti had not asserted to the OSC that he made his disclosure regarding the pistol firing incident to anyone in position to correct the problem." *Id.* at *3. However, the letter did not appear to be in the record before the Board. Thus, while we affirmed the Board in other respects, we vacated the Board's decision and remanded "to allow the Board to determine whether the February 7 letter should have been part of the record, whether it should be included in the record at this point, and whether, if it is included in the record, the Board's decision in this case should be altered." *Id.*

On remand, the Board ordered Nasuti to submit evidence and argument as to why the Board should reopen the record and permit inclusion of the February 7, 2009, letter. After receiving no explanation from Nasuti regarding why the letter was not available to him despite due diligence before the record was closed, the Board declined to reopen the record to allow the addition of the letter. *Final Order*, at 5. Accordingly, the Board declined to reopen the appeal and again dismissed the case for lack of jurisdiction. Nasuti timely petitioned for review. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).[1]

---

[1] While pending on appeal, the Board requested a remand "to decide whether [its precedents] should be expanded to include circumstances in which jurisdictional evidence is submitted for the first time on judicial review." Resp'ts Br. at 17 n.5. Nasuti opposed the Board's motion to remand, Petitioner's Opposition to Respondent's Motion for a Second Remand, *Nasuti v. Merit Sys. Prot. Bd.*, 2011-3048 (Fed. Cir. Apr. 4, 2011), and we denied the Board's motion to remand, *Nasuti v. Merit Sys. Prot. Bd.*, 2011-3048 (Fed. Cir. Jul. 8, 2011).

DISCUSSION

To the extent that this court's *Remand Order* affirmed previous holdings of the Board, that decision governs as the law of the case, and we see no basis for reconsidering our earlier decision. Thus, the sole issue presently before us is whether the Board committed reversible error by dismissing Nasuti's appeal for lack of jurisdiction and declining to reopen the record to consider the February 7, 2009, letter.

Our review of Board decisions is limited. We may only set aside agency actions, findings, or conclusions that we find to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see also Bennett v. Merit Sys. Prot. Bd.*, 635 F.3d 1215, 1218 (Fed. Cir. 2011). The Board's determination that it lacked jurisdiction is a question of law that this court reviews de novo. *Bennett*, 635 F.3d at 1218.

The Board's regulations allow for additions to the record when "[n]ew and material evidence is available that, despite due diligence, was not available when the record closed." 5 C.F.R. § 1201.115(d)(1); *see also Avansino v. U.S. Postal Serv.*, 3 M.S.P.B. 308, 310-11 (1980). However, in response to the Board's order to submit evidence and argument as to why the Board should reopen the record, Nasuti failed to provide any explanation as to why the letter was unavailable to him before the close of the record despite due diligence. At the time of Nasuti's original appeal, the AJ expressly informed Nasuti of his burden under 5 C.F.R. § 1201.56(a)(2)(i) to establish the Board's jurisdiction over his claim, and the AJ instructed him on the evidence that was required to determine

whether he had exhausted his administrative remedies. *2009 Show Cause Order*, at 1, 4 n.2.

Nasuti argues that the Board had discretion to waive its rules under 5 C.F.R. § 1201.12, or to reopen the record on its own motion under 5 C.F.R. § 1201.118, and abused its discretion in not doing so. When challenging the Board's refusal to reopen an appeal on its own motion, a petitioner "has a heavy burden to demonstrate that the full Board abused its discretion." *Azharkhish v. Office of Pers. Mgmt.*, 915 F.2d 675, 679 (Fed. Cir. 1990). Nasuti has not shown that the Board acted inconsistently with its prior decisions. The cases cited by Nasuti concerning the Board's discretion to reopen the record in a whistle-blower appeal are distinguishable on the facts. *See, e.g.*, *Orr v. Dep't of the Treasury*, 83 M.S.P.R. 117, 122 (1999) (reopening the record after finding that the AJ failed to inform the petitioner that he had the burden to establish the Board's jurisdiction); *Atkinson v. Dep't of State*, 107 M.S.P.R. 136, 140 (2007) (reopening the record after evidence was raised for the first time on administrative appeal, rather than where the evidence was raised for the first time on judicial review). Nor has Nasuti established that the Board abused its discretion in any other respect in declining to reopen the record.

Because the February 7, 2009, letter was not in the record before the Board, the Board properly held that it lacked jurisdiction over Nasuti's IRA appeal. Under the Board's regulations, an appellant in an IRA appeal to the Board is obligated to demonstrate that he has exhausted his administrative remedies before the OSC. *See* 5 C.F.R. § 1209.6(a)(6). Since the February 7, 2009, letter is not part of the record, we find no error in the Board's conclusion that Nasuti has failed to show that he exhausted his administrative remedies before the OSC.

## **AFFIRMED**

## COSTS

No costs.