NOTE: This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**MATTHEW J. NASUTI,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2012-3136

---

Appeal from the Merit Systems Protection Board in No. DC0752120370-I-1.

---

**MATTHEW J. NASUTI,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2012-3162

---

Appeal from the Merit Systems Protection Board in No. DC1221120321-W-1.

———————————

Decided: January 16, 2013

———————————

MATTHEW J. NASUTI, of Deerfield, Massachusetts, pro se.

JEFFREY A. GAUGER, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were JAMES M. EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

———————————

Before DYK, BRYSON, and MOORE, *Circuit Judges.*

PER CURIAM.

Matthew J. Nasuti petitions for review of two final decisions of the Merit Systems Protection Board ("Board"). The Board dismissed Nasuti's individual right of action ("IRA") appeal for lack of jurisdiction. *Nasuti v. Dep't of State*, No. DC–1221–12–0321–W–1 (M.S.P.B. May 31, 2012) ("*IRA Decision II*"). The Board also dismissed Nasuti's adverse action appeal and his claim for back pay under 5 U.S.C. § 5596 for lack of jurisdiction. *Nasuti v. Dep't of State*, No. DC–0752–12–0370–I–1 (M.S.P.B. Mar. 30, 2012) ("*Termination Decision II*"). With one exception, we *affirm*. As to one issue, we *vacate and remand*.

## BACKGROUND

The primary issue in these appeals is whether certain Whistleblower Protection Act ("WPA") claims are precluded by collateral estoppel because of an earlier IRA appeal.

The factual background of Nasuti's appeals is set forth in two of our earlier decisions. *See Nasuti v. Merit*

*Sys. Prot. Bd.*, 445 F. App'x 355, 356-57 (Fed. Cir. 2011); *Nasuti v. Merit Sys. Prot. Bd.*, 376 F. App'x 29, 30-33 (Fed. Cir. 2010). In summary, Nasuti was appointed to a one-year excepted service position as Senior City Management Advisor in the State Department's Iraq Transition Assistance Office ("ITAO") on March 13, 2008. He was terminated approximately two weeks later for "disruptive behavior during training." *IRA Decision II*, at 2. Nasuti brought an adverse action appeal to the Board. The Board dismissed the appeal for lack of jurisdiction, finding that he was not an "employee" under 5 U.S.C. § 7511. *Nasuti v. Dep't of State*, No. DC–0752–08–0644–I–1 (M.S.P.B. Sept. 4, 2008) ("*Termination Decision I*"). Nasuti did not appeal that decision, and it became final on October 9, 2008.

Nasuti filed a complaint with the Office of Special Counsel ("OSC") in October 2008, arguing that he was terminated in retaliation for making disclosures protected under the WPA. *See* 5 U.S.C. § 2302(b)(8). When his complaint to OSC did not result in corrective action, Nasuti filed an IRA appeal to the Board under 5 U.S.C. § 1221. The Board dismissed for lack of jurisdiction. *Nasuti v. Dep't of State* ("*IRA Decision I*"), 112 M.S.P.R. 587, 596-97 (2009). The Board found that it lacked jurisdiction to consider Nasuti's claim based on his alleged protected disclosures regarding Iran's nuclear capabilities and the allegedly substandard body armor provided to embassy personnel because he had not exhausted his administrative remedies by presenting those claims to OSC. *Id.* at 594. The Board also determined that Nasuti had failed to establish its jurisdiction as to the two other disclosures that he had presented to OSC. *Id.* at 596-97. With respect to his disclosure regarding unsafe noise levels during training, the Board found that Nasuti had not alleged a protected disclosure because he made the disclosure only to the alleged wrongdoer. *Id.* at 596; *see also Huffman v. Office of Pers. Mgmt.*, 263 F.3d 1341,

1350 (Fed. Cir. 2001) ("When an employee reports or states that there has been misconduct by a wrongdoer to the wrongdoer, the employee is not making a 'disclosure' of misconduct."), *superseded by statute,* Whistleblower Protection Enhancement Act of 2012, Pub. L. No. 112-199, § 101(b)(2)(C), 126 Stat. 1465, 1465-66. Regarding Nasuti's alleged disclosure of substandard training and safety practices, including "human shield" training, the Board found that the alleged disclosure could not have been a factor in his termination because the disclosure postdated his termination. *IRA Decision I,* 112 M.S.P.R. at 594, 597.

On review, this court affirmed in relevant part, remanding only for the Board to consider whether a letter produced by Nasuti should have been included in the record and, if so, whether its earlier decision should stand. *Nasuti,* 376 F. App'x at 32-33. The Board concluded that the letter should not be added to the record, *Nasuti v. Dep't of State,* No. DC–1221–09–0356–M–1 (M.S.P.B. Dec. 16, 2010), and we affirmed that decision on appeal. *Nasuti,* 445 F. App'x 355.

On October 16, 2011, Nasuti filed a second complaint with OSC, reiterating his earlier allegations regarding unsafe noise levels during training, inadequate body armor, Iranian nuclear weapons, and "human shield" training. He also alleged an additional disclosure concerning defective chemical warfare suits.

Contending that OSC had not responded to his complaint, Nasuti filed another appeal with the Board on February 14, 2012. The appeal raised many of the same issues presented in his prior appeals and was initially treated as a single appeal by the administrative judge ("AJ"). *IRA Decision II,* at 5 n.2. Nasuti argued that the AJ improperly docketed his appeal as one appeal when, in fact, he had filed "'three separate appeals,'" consisting of an IRA appeal, an adverse action appeal under 5

U.S.C. § 7513, and an appeal for back pay under 5 U.S.C. § 5596. *Termination Decision II*, at 1. Thereafter, the AJ treated Nasuti has having filed two appeals, one addressing his IRA claims and the other addressing his adverse action appeal and claim for back pay. *Id.* at 1-2.

The AJ dismissed Nasuti's IRA appeal for lack of jurisdiction, concluding that Nasuti had not made a nonfrivolous allegation of a protected disclosure within the meaning of the WPA. *IRA Decision II*, at 23. The AJ found that further litigation regarding his alleged disclosures of inadequate body armor, "human shield" training, the exposure of federal employees to dangerous combat noise, and Iranian nuclear weapons was subject to issue preclusion based on the Board's decision in *IRA Decision I*. *See id.* at 14-15, 18-22. With respect to Nasuti's alleged disclosure regarding defective chemical warfare suits, the AJ concluded that Nasuti had not made a nonfrivolous allegation of a protected disclosure because, *inter alia*, he had not alleged a specific danger to public health or safety. *Id.* at 13. The AJ also found that Nasuti's alleged disclosure regarding unsafe training at firing ranges could not support the Board's jurisdiction (an issue not raised on appeal to this court). *Id.* at 17-18.

In a separate decision, the AJ also dismissed Nasuti's adverse action appeal and back pay claim for lack of jurisdiction. *Termination Decision II*, at 6-7. The AJ concluded that the Board had no independent jurisdiction over his claim for back pay under 5 U.S.C. § 5596. *Id.* at 4-5. As for Nasuti's adverse action appeal, the AJ held that Nasuti was precluded by the Board's previous determination in *Termination Decision I* that he was not an "employee" within the meaning of 5 U.S.C. § 7511. *Id.* at 5. Nasuti chose not to appeal either decision to the full Board, so the AJ's decisions became the Board's decisions. Nasuti appealed both dismissals. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

DISCUSSION

We review the Board's dismissal for lack of jurisdiction de novo. *Bolton v. Merit Sys. Prot. Bd.*, 154 F.3d 1313, 1316 (Fed. Cir. 1998). Underlying factual findings of the Board are reviewed for substantial evidence. *Id.*

Several of Nasuti's purported acts of whistleblowing were conclusively resolved by his first IRA appeal to the Board. In *IRA Decision I*, the Board found that Nasuti's alleged disclosure of "human shield" training was not a protected disclosure under the WPA because it was made after his termination. 112 M.S.P.R. at 594, 597. We affirmed that determination on appeal. *Nasuti*, 376 F. App'x at 33-34. Because that issue—whether Nasuti's disclosures regarding "human shield" training were protected under the WPA—was conclusively decided in Nasuti's earlier IRA appeal, collateral estoppel bars him from relitigating it now. *See Morgan v. Dep't of Energy*, 424 F.3d 1271, 1274-75 (Fed. Cir. 2005). Likewise, the issues of whether Nasuti's alleged disclosures regarding the lack of hearing protection during training and the exposure of employees to dangerous combat noise were protected under the WPA were resolved in Nasuti's prior IRA appeal. *Nasuti*, 445 F. App'x at 356, 358. Nasuti is not entitled to relitigate these issues. The Board properly concluded that Nasuti failed to establish its jurisdiction with respect to them.

Nasuti's alleged disclosure regarding "defective chemical warfare suits" also does not establish the Board's jurisdiction. In his complaint to OSC, Nasuti alleged only that he disclosed the deficient nature of the chemical warfare suits to his State Department instructor, who Nasuti himself admits did not discuss the matter with his superiors. Elsewhere in his complaint, Nasuti alleges that "[o]ne or more" of the individuals responsible for his termination "are believed to have been" aware of all his disclosures prior to his termination. There is no

specific allegation that those responsible for his termination were aware of the chemical warfare suits disclosure. Even if we were to assume that the disclosure was a protected disclosure, these allegations as to the connection between the disclosure and the personnel action are too equivocal and vague to form the basis for a claim under the WPA. To the extent that Nasuti alleges that his instructor's failure to report the allegedly defective suits was itself wrongdoing, he does not allege that he disclosed that wrongdoing to anyone prior to his termination.

Similarly, Nasuti's allegations to OSC relating to "Iranian tactical nuclear weapons" were insufficient to establish the Board's jurisdiction. Nasuti appears to allege that a State Department official told him that Iran had obtained nuclear weapons, and that the agency "would not address why the Secretary of State gave misleading testimony to Congress on this issue." He does not, however, allege that he made any protected disclosure prior to his termination regarding any such weapons. Nasuti's vague allegations cannot establish Board jurisdiction.

With respect to Nasuti's alleged disclosure of "inadequate body armor," however, we do not agree with the Board. The Board rejected Nasuti's claims regarding this disclosure, finding that its determinations in his earlier IRA appeal precluded him from raising the same claim. *IRA Decision II*, at 15 & n.10. The failure to exhaust his remedies with OSC prior to his first appeal, however, does not preclude Nasuti from asserting those claims after exhausting those remedies. As the Board correctly recognized, Nasuti is permitted to cure his failure to exhaust administrative remedies and then refile his appeal. *See Jackson v. District of Columbia*, 254 F.3d 262, 270-71 (D.C. Cir. 2001). The Board's determination in the earlier litigation that Nasuti could not introduce new evidence of administrative exhaustion on a petition for review did not

preclude him from curing the defect in a subsequent complaint to OSC and refiling. Here, Nasuti did file a subsequent complaint with OSC to cure the jurisdictional defect identified by the Board in *IRA Decision I*. He specifically alleged that, in March 2008, he had "raised objections to multiple officials in the ITAO, including assistants to ITAO Personnel Director Dora Hanna . . . that the body armor being supplied . . . to State Department employees en route to Iraq . . . was substandard and inadequate." Nasuti's new complaint to OSC was not duplicative of any earlier OSC complaint.

To the extent that the Board held that preclusion existed because Nasuti had not met the diligence requirements of 5 C.F.R. § 1201.115(d)(1) (2011), we disagree. Collateral estoppel applies only where the "issue previously adjudicated is identical with that now presented." *Morgan*, 424 F.3d at 1274. The issue of whether Nasuti had been sufficiently diligent in the first Board proceeding is quite different from the issue of whether the Board has jurisdiction over his WPA claim following a second complaint to OSC. Nasuti's arguments regarding "inadequate body armor" are not precluded on collateral estoppel grounds by their dismissal in his first IRA appeal.[1]

In the alternative, the Board found that Nasuti had not adequately alleged a disclosure of a "substantial and specific danger to public health or safety," reasoning that he did "not allege that the existing armor was defective or unsafe," but rather that "it was substandard compared with other products." *IRA Decision II*, at 16. In *Cham-*

---

[1] The parties and the Board treat the preclusion question as one of collateral estoppel rather than res judicata, presumably because Nasuti's claims in the previous litigation were dismissed on jurisdictional grounds. We need not decide here whether res judicata applies when the Board dismisses claims for lack of jurisdiction on frivolousness grounds.

*bers v. Dep't of the Interior*, we noted that the danger disclosed must be "substantial and specific," and that disclosures may be inadequate if the danger is "speculative" or "likely to manifest only in the distant future." 515 F.3d 1362, 1369 (Fed. Cir. 2008). However, "an allegation . . . that the cooling system of a nuclear reactor is inadequate would" suffice. *Id.* (quoting S. Rep. No. 95-969, at 21 (1978)). Here, Nasuti alleges having disclosed that body armor being provided to Iraq-bound federal employees was "inadequate." We think that such an allegation is sufficient to invoke the Board's jurisdiction.

The Board appears to have also concluded that Nasuti's disclosures were inadequate because they were made to persons without authority to address the problem. *See IRA Decision II*, at 16-17. Since the Board's decision, however, Congress has enacted the Whistleblower Protection Enhancement Act of 2012, Pub. L. No. 112-199, 126 Stat. 1465, with the intention of broadening the scope of protected disclosures under the WPA. *Id.* § 101, 126 Stat. at 1465-66; *see also* S. Rep. No. 112-155, at 5 (2012). We think that the Board should decide in the first instance whether the new statute applies retroactively and whether, if so, Nasuti has alleged a protected disclosure under the new statute. We therefore vacate the Board's conclusion that it lacked jurisdiction over this one aspect of Nasuti's IRA appeal.

Nasuti also contends that he can contest his termination under 5 U.S.C. § 7513, alleging, *inter alia*, that the official who terminated him lacked authority to do so. The Board dismissed his claim, finding that it was barred by collateral estoppel. *Termination Decision II*, at 5. In *Termination Decision I*, the Board determined that Nasuti was not an "employee" within the meaning of 5 U.S.C. § 7511 and that it therefore lacked jurisdiction to entertain his appeal. *Termination Decision I*, at 2-4. That determination is also dispositive of Nasuti's current adverse action appeal, and Nasuti is not entitled to reliti-

gate the question of whether he was an employee within the meaning of § 7511. Accordingly, we affirm the Board's dismissal of Nasuti's adverse action appeal.

Finally, with respect to Nasuti's claim under the Back Pay Act, the statute permits recovery of back pay for an employee subject to an unlawful personnel action. *Bosley v. Merit Sys. Prot. Bd.*, 162 F.3d 665, 667-68 (Fed. Cir. 1998). It does not, however, provide an independent basis for Board jurisdiction. *Id.* at 668. The Board therefore correctly dismissed Nasuti's freestanding back pay claims for lack of jurisdiction.

We have considered Nasuti's remaining arguments and find them unpersuasive. For example, we conclude that the Board did not err in concluding that his termination was the only relevant personnel action.

We affirm the Board's dismissal of Nasuti's adverse action appeal and his claim under the Back Pay Act. We vacate the Board's determination that it lacked jurisdiction over Nasuti's WPA allegation regarding inadequate body armor and remand for further proceedings addressing that alleged disclosure only. We affirm the Board's jurisdictional conclusions regarding Nasuti's other alleged disclosures.

## AFFIRMED-IN-PART, VACATED-IN-PART, REMANDED

No costs.