NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**IN RE MATTHEW J. NASUTI,**

*Petitioner.*

———————————

2014-139

———————————

On Petition for Writ of Mandamus to the Merit Systems Protection Board in No. DC-1221-12-0321-B-1.

———————————

**ON PETITION**

———————————

Before REYNA, BRYSON, and TARANTO, *Circuit Judges.*

PER CURIAM.

**O R D E R**

The court treats Matthew J. Nasuti's submission received on May 30, 2014, as a petition for a writ of mandamus to direct the Merit Systems Protection Board ("Board") to, *inter alia*, hold a hearing and conduct discovery. The Department of State responds. Nasuti replies.

Nasuti challenged his termination following two weeks of employment as Senior City Management Advisor in the State Department's Iraq Transition Assistance Office. In his most recent petition for review in this court, we reversed the Board's determination that it did not possess jurisdiction over Nasuti's claims that he had been

terminated in connection with an alleged protected disclosure concerning body armor. *Nasuti v. Merit Systems Protection Board*, 504 F. App'x 894, 898-99 (Fed. Cir. 2013). We also remanded for the Board to determine if the Whistleblower Protection Enhancement Act of 2012 ("WPEA") "applie[d] retroactively and whether, if so, Nasuti ha[d] alleged a protected disclosure under the new statute." *Id.* at 899.

On remand, the Board determined that the WPEA applied retroactively and that Nasuti had made a non-frivolous claim that his disclosure was a contributing factor in his removal. As a result, the Board concluded it possessed jurisdiction over the appeal and remanded the action for a merits determination by an administrative judge in the first instance. The Board also directed that the parties be given an opportunity to conduct discovery prior to a hearing on the merits.

The remedy of mandamus is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. *In re Calmar, Inc.*, 854 F.2d 461, 464 (Fed. Cir. 1988). A party seeking a writ bears the burden of proving that it has no other means of securing the relief desired and that the right to issuance of the writ is "clear and indisputable." *Mallard v. United States District Court*, 490 U.S. 296, 309 (1989) (citation omitted).

Nasuti appears to challenge the speed with or at which his proceeding is advancing and seeks discovery related to matters that should be raised before the Board in the first instance. If the Board declines or has already denied Nasuti's requests, then on further petition for review from a final Board decision or order Nasuti can raise his challenges in this court. Nasuti has not shown undue delay or that review of the issues raised are appropriate at this interlocutory stage. Thus, we deny his petition.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

/s/ Daniel E. O'Toole
Daniel E. O'Toole
Clerk of Court

s25