**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

JAMES V. COULTER, III,
        Appellant,

      v.

DEPARTMENT OF THE NAVY,
        Agency.

DOCKET NUMBER
SF-1221-12-0271-B-2

DATE: June 15, 2015

## THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>James V. Coulter, III</u>, East Lansing, Michigan, pro se.

<u>Jere Diersing</u>, and <u>Jessica Langley-DeGroot</u>, San Diego, California, for the
    agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the remand initial decision,
which denied his request for corrective action in his individual right of action
(IRA) appeal. Generally, we grant petitions such as this one only when: the
remand initial decision contains erroneous findings of material fact; the remand

---

[*] A nonprecedential order is one that the Board has determined does not add
significantly to the body of MSPB case law. Parties may cite nonprecedential orders,
but such orders have no precedential value; the Board and administrative judges are not
required to follow or distinguish them in any future decisions. In contrast, a
precedential decision issued as an Opinion and Order has been identified by the Board
as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the remand initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the remand initial decision except as expressly MODIFIED by this Final Order. Specifically, we find that the administrative judge mistakenly failed to address two of the appellant's disclosures, and we find that both disclosures are protected but that the appellant failed to establish that they were a contributing factor in a personnel action. We DENY the appellant's request for corrective action as to these two disclosures.

¶2      The agency terminated the appellant from his position during his probationary period for alleged unacceptable performance. *Coulter v. Department of the Navy*, MSPB Docket No. SF-1221-12-0271-W-1, Initial Appeal File (IAF), Tab 9 at 14-16. The appellant filed an appeal in which he contended that the termination constituted reprisal for whistleblowing. IAF, Tab 1 at 7-14. After a hearing, the administrative judge denied the appellant's request for corrective action. IAF, Tab 31, Initial Decision (ID). The administrative judge found that four of the appellant's disclosures (those in which he reported safety concerns) were not protected under *Huffman v. Office of Personnel Management*, 263 F.3d 1341 (Fed. Cir. 2001), *superseded by statute*, Whistleblower Protection Enhancement Act of 2012, Pub. L. No. 112-199, 126 Stat. 1465, *as recognized in Natsuti v. Merit Systems Protection Board*, 504 F. App'x 894 (Fed. Cir. 2013),

because they were made through the chain of command in the normal performance of his duties. ID at 6-10. The appellant petitioned for review, and the Board vacated the initial decision and remanded the appeal because the administrative judge's reasoning was no longer tenable after the Board's issuance of *Day v. Department of Homeland Security*, 119 M.S.P.R. 589 (2013). *See Coulter v. Department of the Navy*, MSPB Docket No. SF-1221-12-0271-W-1, Remand Order (Aug. 21, 2013) (Remand Order).

¶3        On remand, the appellant indicated that he did not want a supplemental hearing, and the administrative judge accepted documentary evidence and argument into the record. *Coulter v. Department of the Navy*, MSPB Docket No. SF-1221-12-0271-B-1, Remand File, Tabs 3-5. After considering the parties' submissions, the administrative judge found that the appellant failed to show that one of his disclosures was protected. *Coulter v. Department of the Navy*, MSPB Docket No. SF-1221-12-0271-B-2, Remand Initial Decision (RID) at 5-6 (Dec. 10, 2014). She further found that the remaining disclosures were protected but the appellant did not show that they were a contributing factor in a personnel action. RID at 5, 7-11. She found that, even if the appellant had shown contributing factor, the agency showed by clear and convincing evidence that it would have taken the same action absent any disclosures. RID at 11-17.

Five of the appellant's six disclosures are protected.

¶4        In order to establish a prima facie case under the Whistleblower Protection Act (WPA), the appellant must prove by preponderant evidence that he made a protected disclosure and that the disclosure was a contributing factor in a personnel action. *McCarthy v. International Boundary and Water Commission*, 116 M.S.P.R. 594, ¶ 29 (2011), *aff'd*, 497 F. App'x 4 (Fed. Cir. 2012), *cert. denied*, 134 S. Ct. 386 (2013). A protected disclosure is a disclosure that an appellant reasonably believes evidences, as relevant here, a violation of law, rule, or regulation, or a substantial and specific danger to public health or safety. *Id.*, ¶ 34.

¶5        The appellant originally raised six disclosures in his IRA appeal, four concerning safety issues, one concerning overtime (disclosure 5) and another about wasting time (disclosure 6).  IAF, Tab 22 at 4.  The administrative judge adjudicated all six disclosures during the initial proceeding and implicitly found that disclosures 5 and 6 were protected and that the appellant failed to establish that they were a contributing factor in a personnel action.  *See* ID at 12-14.  The appellant petitioned for review and, because the administrative judge's analysis was no longer viable because of *Day*, 119 M.S.P.R. 589, the Board was able to resolve the petition for review without any discussion of the content of the disclosures.  *See* Remand Order at 2-3.  For the sake of simplicity, the Board referred to the disclosures collectively as "safety disclosures" even though disclosures 5 and 6 were unrelated to safety.

¶6        It appears that the administrative judge interpreted the remand order to require her to adjudicate only those four disclosures relating to safety.  Because our remand order vacated the initial decision, the administrative judge's findings concerning disclosures 5 and 6 were voided.  The result of this confusion is that the appellant does not have a Board ruling on that portion of his appeal dealing with disclosures 5 and 6.

¶7        Although the appellant does not explicitly allege on review that the administrative judge erred by not considering those disclosures, we find that he did not intend to abandon those disclosures because he mentions throughout the proceedings on remand that there were six disclosures.  *See, e.g.*, MSPB Docket No. SF-1221-12-0271-B-2, Refiled Remand File (B-2 File), Tab 5 at 4, 7.  Because there already has been a hearing at which the appellant presented evidence and argument concerning disclosures 5 and 6, we find that the record is fully developed as to these disclosures and that it is appropriate for us to resolve them without a remand.  Moreover, we agree with the administrative judge that the appellant has established that disclosures 1-3 were protected and we further find that disclosures 5 and 6 were protected as well.

¶8      However, the administrative judge found that the appellant's fourth disclosure, concerning wooden pallets on a sidewalk, was not protected. On the day in question, the appellant's supervisor directed the appellant to place wooden pallets over a flooded sidewalk so pedestrians could use the sidewalk without having to walk in standing water. The appellant refused to place the pallets because, from his point of view, the pallets themselves were a safety risk. He contends that, by refusing to obey instructions to place the pallets and reporting the matter to higher-level management, he disclosed a serious safety issue. B-2 File, Tab 3 at 5, Tab 5 at 5-6; *Coulter v. Department of the Navy*, MSPB Docket No. SF-1221-12-0271-B-2, Petition for Review (PFR) File, Tab 1 at 8-11. The administrative judge found that the appellant failed to show that he had a reasonable belief that the pallets posed a substantial and specific danger to public health or safety. RID at 5-6.

¶9      Disclosures regarding danger to the public health or safety must be both substantial and specific to be protected. *Miller v. Department of Homeland Security*, 111 M.S.P.R. 312, ¶ 6 (2009). A disclosure of a speculative danger does not meet this test. *Id.* Factors to be considered in determining whether a disclosed danger is sufficiently substantial and specific to be protected include whether a substantial, specific harm was identified and whether the evidence supported a finding that the harm already had been realized or was likely to result in the reasonably foreseeable future. *Chambers v. Department of the Interior*, 602 F.3d 1370, 1376 (Fed. Cir. 2010).

¶10      The appellant alleges on review that the administrative judge improperly discounted the risk posed by the pallets and overemphasized the fact that it was temporary. PFR File, Tab 1 at 8-11. He avers the agency had better options for mitigating the hazard posed by the standing water. The Board's role is not to decide whether the agency made the best choice, but whether a reasonable person in the appellant's position would believe, not merely that the matter was a safety hazard, but that it posed a substantial and specific risk to public health or safety.

*See Swanson v. General Services Administration*, 110 M.S.P.R. 278, ¶ 10 (2008) (the reasonable belief test is an objective test; the appellant must show that a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the appellant, could reasonably conclude that that actions of the agency evidenced one of the categories on wrongdoing covered under the WPA).

¶11 In *Chambers*, the Federal Circuit found that the appellant disclosed a substantial and specific danger to public health or safety when she disclosed that a reduction in the number of police officers available resulted in more traffic accidents because the risk was specific, i.e., an increase in traffic accidents, and substantial rather than speculative because the risk had already occurred. *Chambers*, 602 F.3d at 1379. Similarly, in *Aquino v. Department of Homeland Security*, 121 M.S.P.R. 35 (2014), and *Miller*, the appellants disclosed that changes in airport screening and crowd management procedures led to a greater risk of a breach of security. The Board found that these disclosures were substantial and specific because the consequences of the risks identified in the disclosures could result in devastating and obvious harm. *Aquino*, 121 M.S.P.R. 35, ¶¶ 14-17; *Miller*, 111 M.S.P.R. 312, ¶¶ 15-19. Here, however, the appellant has presented no evidence as to whether the risk of falling on the pallets was substantial and specific; he merely relies on the common sense proposition that sometimes people fall and sometimes falls are serious. At best, therefore, the appellant has identified a potential future danger to public safety that has not been shown to be substantial, that could possibly lead to an injury that may or not be serious, and that was intended to be (and actually was) a temporary remediation of a more serious safety hazard. Consequently, the administrative judge correctly found that the appellant's fourth disclosure was not protected.

The appellant did not establish that his protected disclosures were a contributing factor in his termination.

¶12 When reviewing the merits of an IRA appeal, the Board considers whether the appellant has shown by preponderant evidence that he made a protected

disclosure that was a contributing factor in an agency's personnel action. *Aquino*, [121 M.S.P.R. 35](), ¶ 10. A protected disclosure is a contributing factor if it affects an agency's decision to take a personnel action in any way. *Dorney v. Department of the Army*, [117 M.S.P.R. 480](), ¶ 14 (2012). An employee can demonstrate that a disclosure was a contributing factor through circumstantial evidence, such as evidence that the official taking the personnel action knew of the disclosure and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action. *Id.* An appellant also can show that a protected disclosure was a contributing factor in a personnel action by proving that the official taking the action had constructive knowledge of the protected disclosure. *Id.,* ¶ 11. An appellant may establish constructive knowledge by demonstrating that an individual with actual knowledge of the disclosure influenced the official accused of taking the retaliatory action. *Id.*

¶13　　Here, the appellant alleges that the deciding official had constructive knowledge of his three safety disclosures, one concerning a violation of lock-out-tag-out procedures, the second concerning a door that did not latch properly, and the third concerning an exposed steam vent pipe. He contends that the managers to whom he made his disclosures would have informed the deciding official about them during one or more of the regular management meetings. B-2 File, Tab 3 at 8. He also argues that the nature of the deciding official's position "mandates that he know these things." PFR File, Tab 1 at 8. There is no dispute that the deciding official knew that someone had reported the safety issues the appellant disclosed, but there is no evidence either that he knew who made the disclosures or that he was aware of disclosures 5 and 6. *See* IAF, Tab 21 at 6-9.

¶14　　The appellant asserts on review that the deciding official had a duty to find out who made the disclosures and thus, he must have known it was the appellant who made the disclosures at issue here. PFR File, Tab 1 at 6-7. He offers no support for his belief that the deciding official had a duty to find out who made

the disclosures. It is unlikely under the circumstances of this case that the deciding official would inquire into who made the disclosures because all three protected disclosures involved long-term and well-known issues that others had reported before the appellant. The lock-out tag-out problem was a recurring issue amounting to contractor negligence in safely securing an incomplete electrical project to prevent potential electrocution to passersby or fire risk to the building in general. The appellant's report concerned a particular incident that perhaps had not been reported before, but the agency's contractors frequently fell short of safety standards. Hearing Compact Disc (HCD) 1 (testimony of M.M.). Upon receiving a report that they had yet again violated lock-out tag-out procedures, it seems likely that the deciding official would put his emphasis on getting the contractors to comply rather than on finding out who reported the problem.

¶15    Similarly, the problem with the door also was a known issue dating to the original installation of the door and the safety hazard was caused by a design flaw. The building, however, was designated an historical building and the agency had to get state approval to make the changes that would have fixed the problem, which remains unresolved. HCD 2 (testimony of H.S.); IAF, Tab 21 at 8. The steam vent pipe also was a known issue and the agency frequently addressed the issue with temporary insulation that unfortunately did not last very long. HCD 2 (testimony of W.M., testimony of H.S.). However, the building was undergoing a major renovation that would include fixing the problem with the steam pipe, so less-than-ideal temporary remedies seem appropriate under the circumstances. Although the underlying safety issues were quite serious, none of the appellant's disclosures were a surprise or had any qualities that would make them stand out in a crowd of other similar disclosures, and there is no reason why the appellant's reports would have attracted particular hostile attention. It also makes sense that the appellant's supervisor would simply tell the deciding official, for example, that there has been another lock-out tag-out issue without thinking to identify the employee who reported the problem.

¶16     The appellant further contends that the administrative judge should not have credited the testimony of "the two accused," i.e., the hearing testimony of his supervisor and the sworn declaration of the deciding official (who was unable to testify for medical reasons), that the supervisor never identified the appellant as the source of the disclosures and the deciding official was unaware that the appellant was the source of the disclosures.  PFR File, Tab 1 at 5-12.  He contends that this evidence was self-serving and not supported by any documentation, which he believes the agency should have created as a matter of routine to document conversations, meetings, and incidents as they occur throughout every work day.  *Id.*  The appellant has identified no law, rule, or regulation to support his belief that such documentation is required.  Moreover, the agency is not required to prove it had no knowledge of the appellant's whistleblowing; the appellant has the burden of proving that the agency did have knowledge, or constructive knowledge.  If management's testimony was self-serving and not supported by written documentation, then the appellant's testimony was equally so.  We find that the administrative judge correctly determined that the appellant simply did not meet his burden of proof.

The administrative judge did not abuse her discretion by considering evidence submitted for the first time on remand.

¶17     On remand, when the administrative judge reopened the record for further evidence and argument, the agency submitted the sworn declaration affidavit of the Deputy Public Works Officer concerning events during the relevant time period.  B-2 File, Tab 4.  Neither party had previously identified this person as a witness prior to the remand.  It is not entirely clear whether the witness was in the appellant's direct chain of command, but it is clear that he discussed the appellant's future termination with the deciding official.  The administrative judge briefly discussed the declaration in the remand initial decision.

¶18     The appellant argues that only the content that purportedly supports his theory of the case should be considered.  B-2 File, Tab 5 at 10; PFR File, Tab 1

at 11. In other words, the Board should discredit the witness's discussion of the safety issues that the appellant disclosed, and should disregard his statement that he did not know the source of the disclosures, but the Board should consider the declaration to the extent that it shows that management discussed the safety issues amongst themselves, which the appellant asserts proves constructive knowledge.

¶19    The information in the declaration is largely duplicative of information already in the record and it does not introduce any new issues. Moreover, it was either proper for the administrative judge to consider the declaration or it was not. There is no basis to exclude the declaration except for the parts that the appellant thinks are favorable to him. We find that the declaration is not material to the outcome of this case and that the administrative judge did not abuse her discretion by considering it.

¶20    As noted above, the appellant asserts that the declaration proves that the witness and the deciding official discussed the appellant's disclosures and buttresses his argument that the deciding official had constructive knowledge. PFR File, Tab 1 at 11. This is incorrect. The declaration shows that they talked about the appellant's performance and conduct, not that they talked about his disclosures or that they identified the disclosures with him. B-2 File, Tab 4 at 14. Therefore, as with disclosures 1-3, we find that the appellant failed to show that the deciding official had constructive knowledge of disclosures 5 and 6.

¶21    Finally, the administrative judge made the alternative finding that, even assuming that the appellant established that he made a protected disclosure that was a contributing factor in a personnel action, the agency established by clear and convincing evidence that it would have terminated the appellant during his probationary period even absent any whistleblowing. RID at 11-17. The appellant alleges on review that the administrative judge's alternative finding is incorrect and he presents a fairly extensive discussion of his view of the merits of the termination. PFR File, Tab 1 at 12-20. Because we find that the appellant

failed to make a prima facie case of whistleblower reprisal, the administrative judge's findings are not necessary to the resolution of this appeal and she need not have reached the issue. Thus, the Board has not considered the appellant's arguments in this regard.

### NOTICE TO THE APPELLANT REGARDING YOU R FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:            _____

                                     William D. Spencer
                                     Clerk of the Board

Washington, D.C.