# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JAMES F. GIBSON,<br>                    Appellant, | DOCKET NUMBER<br>SF-1221-13-0442-W-1 |
|             v. | |
| DEPARTMENT OF<br>    TRANSPORTATION,<br>                    Agency. | DATE: August 21, 2014 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>James F. Gibson</u>, Reno, Nevada, pro se.

<u>Sara Jo Prose</u>, Esquire, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal in part due to res judicata and in part for lack of jurisdiction.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. We MODIFY the initial decision to the extent that the administrative judge determined that the appellant was barred from challenging his January 1989 termination on res judicata grounds; instead, this claim should have been dismissed because the termination action predated the effective date of the Whistleblower Protection Act (WPA). Except as expressly modified by this Final Order, we AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 In 1989, the agency terminated the appellant during his probationary period. He filed an equal employment opportunity (EEO) complaint, and he was reinstated as part of a settlement agreement. *Gibson v. Card*, EEOC DOC 03920084, 1992 WL 1374211 at *1 (June 29, 1992). In 1991, the appellant was removed from his Aviation Safety Inspector position on two charges: failure to satisfactorily complete flight course 20702, and insubordination in not complying with the agency's direction that he complete a reexamination of his airman competency. *Id.* The appellant filed a Board appeal. The administrative judge sustained the agency's removal and found that the appellant failed to prove that he was removed based on reprisal for his prior EEO activity. *Id.* The Board

denied the petition for review, and the Equal Employment Opportunity Commission affirmed the Board's decision regarding the discrimination claim. *Id*. In 2012, the appellant filed an Office of Special Counsel complaint, and in 2013, he filed an IRA appeal, claiming that his 1989 termination, his 1991 removal, and other actions constituted reprisal for prior whistleblowing activity. *See, e.g.*, Initial Appeal File (IAF), Tabs 1, 5, 7, 10, 15, 17-18, 24, 26, 31, 34.

¶3     In the initial decision, the administrative judge dismissed the appeal, in part based on res judicata, and in part for lack of jurisdiction. IAF, Tab 35, Initial Decision (ID). The appellant has filed a petition for review; the agency has filed a response; and the appellant has filed a reply. Petition for Review (PFR) File, Tabs 1, 5-6. In the appellant's lengthy petition for review, he appears to review the factual basis for his complaints and makes other broad assertions of error.

¶4     Under the doctrine of res judicata, a valid, final judgment on the merits of an action bars a second action involving the same parties or their privies based on the same cause of action. *Peartree v. U.S. Postal Service*, 66 M.S.P.R. 332, 337 (1995). Res judicata precludes parties from relitigating issues that were, or could have been, raised in the prior action, and is applicable if: (1) the prior judgment was rendered by a forum with competent jurisdiction; (2) the prior judgment was a final judgment on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases. *Id.* The Board has held that generally an individual who appeals his removal directly to the Board is barred by res judicata from bringing, after exhausting his administrative remedies, a second whistleblower appeal challenging the same removal action. *Ryan v. Department of the Air Force*, 113 M.S.P.R. 27, ¶ 13 (2009) (citing *Sabersky v. Department of Justice*, 91 M.S.P.R. 210, ¶¶ 2-3, 7-8 (2002), *aff'd*, 61 F. App'x 676 (Fed. Cir. 2003)). Based on this precedent, we discern no error with the administrative judge's conclusion that the appellant's earlier Board appeal regarding his 1991 removal bars him from raising a whistleblower appeal challenging the same action in this matter.

¶5       In the initial decision, the administrative judge also determined that the appellant was barred by res judicata from pursuing a claim related to his 1989 termination because the subsequent EEO complaint was resolved by a settlement agreement. *See* ID at 4, 6. As support for her conclusion, the administrative judge cited *Ford-Clifton v. Department of Veterans Affairs*, 661 F.3d 655 (Fed. Cir. 2011), and *Mays v. U.S. Postal Service*, 995 F.2d 1056 (Fed. Cir. 1993). *See* ID at 4. We find that both of these cases are distinguishable and conclude that it is not appropriate to dismiss this claim on the grounds of res judicata.

¶6       In *Ford-Clifton*, our reviewing court noted that it was "widely agreed that an earlier dismissal based on a settlement agreement constitutes a final judgment on the merits in a res judicata analysis." However, the court in *Ford-Clifton* found that the parties' settlement agreement was "lawful" and "a full and complete settlement of all issues in the appeal." *Ford-Clifton*, 661 F.3d at 660-61. Here, however, the parties' settlement agreement, which resolved the appellant's EEO complaint, is not in the record. Although it appears that the agreement provided for the appellant's reinstatement and reassignment, and it also included benefits and back pay, *Gibson*, EEOC DOC 03920084, 1992 WL 1374211 at \*1; IAF, Tab 5 at 11, we cannot tell, and neither party represents, whether the agreement constituted a "full and complete settlement" or contained similar language regarding the 1989 termination and any other possible claims arising at that time.

¶7       In *Mays*, the appellant's union settled his grievance regarding a 21-day suspension, he subsequently filed a Board appeal regarding that same action, and the court concluded that the Board lacked jurisdiction over the appeal because the appellant did not specifically reserve in his grievance the right to file a Board appeal. *Mays*, 995 F.2d at 1057-60. Because the parties' settlement agreement is not in the record, we cannot ascertain whether the appellant waived his Board appeal rights regarding his termination or any other actions during that time frame. For these reasons, we are not persuaded by the administrative judge's

reliance on these cases and cannot conclude that the appellant's 1989 termination is barred by res judicata. *See Williams v. Department of Health & Human Services*, 112 M.S.P.R. 628, ¶ 9 (2009) (holding that a settlement agreement that does not involve an examination of the merits of an agency action does not constitute a judgment on the merits for res judicata purposes).

¶8        We note, however, that the appellant's January 3, 1989 termination predates the July 9, 1989 effective date of the WPA. *Lundberg v. Department of the Navy*, 43 M.S.P.R. 382, 385 (1990). Accordingly, the appellant is barred from pursuing this action and any other personnel action that allegedly occurred before the effective date of the WPA. *See McVay v. Arkansas Nat. Guard*, 80 M.S.P.R. 120, 123 (1998) (agreeing with the administrative judge that the letter of reprimand the appellant received cannot serve as the basis for an IRA appeal because it was issued on May 4, 1989); *Lundberg*, 43 M.S.P.R. at 385 (because the appellant received notice of his pending agency proceeding nearly 4 years before the effective date of the WPA, the WPA does not apply).

¶9        We also discern no error with the administrative judge's decision to dismiss the appeal for lack of jurisdiction because the appellant did not nonfrivolously allege that the agency took a personnel action against him. ID at 5-7. In the initial decision, the administrative judge discussed the following other personnel actions that the appellant alleged were taken against him: (1) his 2007 termination from a private company; (2) his belief that his former supervisor, J.M., made negative comments about his flying ability and other disparaging remarks over the years, which "effectively block[ed] him from obtaining a job in the aviation industry"; (3) an EEO counselor told him in May 2012 that agency employee J.M. said negative things about him during an EEO investigation; and (4) his efforts regarding a 1993 checkride (also called a practical test), when he had to enroll in refresher training at flight school. ID at 6-7. In relevant part, the administrative judge noted that the whistleblower statutes prohibit a "personnel action" from being taken "with respect to any employee or applicant for

employment," 5 U.S.C. § 2302(b)(8), and the appellant was not an employee or applicant for employment at any time after his 1991 removal, when these personnel actions allegedly occurred. *See* ID at 6-7. She also noted that J.M.'s alleged negative comments did not constitute a personnel action. ID at 7.

¶10 We discern no error with the administrative judge's decision in this regard. In *Pasley v. Department of the Treasury*, 109 M.S.P.R. 105, ¶ 10 (2008), the Board held that an action taken by a private sector employer "does not meet the definition of 'personnel action' since it was not taken with respect to an employee in a covered position in an agency or a governmental corporation," and it affirmed the administrative judge's dismissal for lack of jurisdiction. Similarly, here the Board lacks jurisdiction over any actions taken by the private employer in 2007.

¶11 The appellant also has not persuaded us that the administrative judge erred in her analysis of the remaining actions because, at the time of these alleged actions, the appellant was neither an "employee" nor an "applicant" as set forth in 5 U.S.C. §§ 2302(a)(2), (b)(8). *See, e.g.*, *Nasuti v. Merit Systems Protection Board*, 376 F. App'x 29, 33-34 (Fed. Cir. 2010) (holding that the agency's issuance of a Standard Form 50 did not qualify as a "personnel action" under the WPA because it occurred after the appellant was no longer employed by the agency).[2] Moreover, the appellant has not identified, and we are not aware of, any legal authority to support the proposition that negative references by J.M. constitute a personnel action under the WPA.[3]

---

[2] Although *Nasuti* is an unpublished decision, the Board may rely on unpublished U.S. Court of Appeals for the Federal Circuit decisions if it finds the court's reasoning persuasive. *E.g.*, *Herring v. Department of the Navy*, 90 M.S.P.R. 165, ¶ 13 n.* (2001). We find the court's reasoning persuasive.

[3] Because we agree with the administrative judge that the appellant has not identified a personnel action under the WPA, we need not address whether, among other things, the appellant exhausted his administrative remedies or whether he made a nonfrivolous allegation of a protected disclosure. *See Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001).

¶12     Finally, the appellant includes documentation on review, including an affidavit from H.H.P, his March 1990 performance appraisal, an On-the-Job Training Progress Report, a 1990 Order Granting Request for Stay regarding the "609" decertification of the appellant's airman's pilot's license,[4] and his May 2013 discovery requests to the agency. *See* PFR File, Tab 1, Exhibits. These documents were in the record below and do not constitute new evidence, or they do not change the outcome on review. *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980); *Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980). We have considered the appellant's remaining arguments, but they do not warrant a different outcome.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you

---

[4] *Gibson v. Department of Transportation*, MSPB Docket No. SF122190S0721, Stay Order (Nov. 9, 1990), found at IAF, Tab 26 at 21-25.

may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which iscontained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board

neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.