# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KEITH K. FOO,
                Appellant,

      v.

DEPARTMENT OF AGRICULTURE,
                Agency.

DOCKET NUMBER
SF-1221-15-0133-W-1

DATE: June 3, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Keith K. Foo</u>, Waipahu, Hawaii, pro se.

<u>Dora Malykin</u>, Riverdale, Maryland, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed this individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 In this IRA appeal, the appellant alleged that the agency decided not to renew his term appointment as a Biological Technician for the agency's Animal and Plant Health Inspection Service in retaliation for his claimed disclosure that his supervisor committed a firearms violation and in reprisal for filing an equal employment opportunity (EEO) complaint. Initial Appeal File (IAF), Tab 1. In addition to an acknowledgment order, the administrative judge issued a jurisdictional order setting forth the appellant's burden to establish jurisdiction over his IRA appeal in order to receive a hearing on his claim. IAF, Tabs 2, 8. The appellant did not reply to the administrative judge's jurisdictional order. Citing the appellant's failure to respond to the jurisdictional order before the close of the record, the agency moved to dismiss the appeal. IAF, Tab 9.

¶3 The administrative judge subsequently dismissed the appellant's IRA appeal for lack of jurisdiction without holding a hearing. IAF, Tab 13, Initial Decision (ID). Specifically, the administrative judge found that the appellant failed to establish that he had exhausted his administrative remedies before the Office of Special Counsel (OSC) because he "failed to inform OSC of 'the precise grounds of his charge of whistleblowing' sufficient to allow it to pursue an investigation that might lead to corrective action." ID at 5 (citing *Mason v. Department of*

*Homeland Security*, [116 M.S.P.R. 135](link), ¶ 8 (2011)).  Similarly, the administrative judge found that the appellant failed to make the requisite nonfrivolous allegation that he made a protected disclosure because his claim lacked sufficient specificity and detail; the appellant not only neglected to explain the substance of his disclosure, he also failed to identify to whom it was made and when he made it. ID at 5-6.  The administrative judge also found that the Board lacked jurisdiction over the appellant's claim of reprisal for filing an EEO complaint because the appellant's reprisal claim did not involve the exercise of his right to file an EEO complaint as to remedying a violation of [5 U.S.C. § 2302](link)(b)(8).  ID at 7.

¶4        In his petition for review, the appellant alleges that he was denied the opportunity to complete discovery and to have a hearing with witnesses.  Petition for Review (PFR) File, Tab 1 at 3.  He provides statements and email messages from his coworkers in support of his alleged disclosure, some of which are addressed to his representative in Congress, and none of which appear to have been unavailable before the record closed below.  *Id.* at 6-20.  He also provides a copy of his motion to compel discovery, which arrived at the regional office after the administrative judge issued his initial decision and was returned to the appellant for that reason.  *Id.* at 21-26.  The agency responds in opposition to the appellant's petition for review, and he provides a reply to the agency's response. PFR File, Tabs 4-5.

¶5        The Board has jurisdiction over an IRA appeal if the appellant has exhausted his administrative remedies before OSC and makes nonfrivolous allegations that:  (1) he engaged in whistleblowing activity by making a protected disclosure, and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action.  *Yunus v. Department of Veterans Affairs*, [242 F.3d 1367](link), 1371 (Fed. Cir. 2001).  To satisfy the exhaustion requirement of [5 U.S.C. § 1214](link)(a)(3) in an IRA appeal, an appellant must inform OSC of the precise ground of his charge of whistleblowing, giving OSC a sufficient basis to pursue an investigation which might lead to corrective action.

*Ward v. Merit Systems Protection Board*, 981 F.2d 521, 526 (Fed. Cir. 1992). The test of the sufficiency of an employee's charges of whistleblowing to OSC is the statement that he makes in the complaint requesting corrective action, not his post hoc characterization of those statements. *Id.*; *Ellison v. Merit Systems Protection Board*, 7 F.3d 1031, 1036 (Fed. Cir. 1993).

¶6        As noted above, the appellant failed to respond to the administrative judge's jurisdictional order. Because the appellant failed to file an actual copy of the complaint he filed with OSC, OSC's October 30, 2014 letters were the only evidence in the record by which the appellant could establish OSC exhaustion. ID at 4-5; IAF, Tab 1 at 9-10. Thus, all we know that the appellant told OSC is that his supervisor allegedly committed a firearms violation. *See* IAF, Tab 1 at 9. As the administrative judge correctly observed, the record does not reflect that the appellant ever told OSC when he made his alleged protected disclosure, the identity of the person to whom he allegedly made his disclosure, or any specifics regarding the content of the disclosure. ID at 4-5. Although he may have given OSC more information, his failure to respond to the administrative judge's jurisdictional order and show exactly what he told OSC means that he failed to carry his burden to establish exhaustion of his administrative remedies before OSC.

¶7        The appellant also fails to address the issue of OSC exhaustion on review, providing nothing with his petition for review to indicate that he provided any more information to OSC regarding his alleged protected disclosure.[2] Thus, we

---

[2] In *Nasuti v. Merit Systems Protection Board*, 376 F. App'x 29, 32 (Fed. Cir. 2010) (citing *Ward*, 981 F.2d at 526), our reviewing court remanded an IRA appeal in order for the Board to consider evidence that the appellant in that matter claimed to have sent to OSC while OSC was considering his complaint. Thus, had the appellant included further information on the exhaustion issue with his petition for review, we would have considered it, to the extent that it meets the Board's evidentiary criteria, in order to determine whether the appellant established jurisdiction over his IRA appeal. *See id*; *see also Nasuti v. Department of State*, 112 M.S.P.R. 587, ¶ 7 (2009); 5 C.F.R. §§ 1201.114(i), 1201.115(d)(1).

agree with the administrative judge that the appellant's vague allegation of wrongdoing lacked sufficient specificity and detail such that OSC could pursue an investigation that might lead to corrective action and that the appellant therefore failed to establish that he had exhausted his administrative remedies before OSC. ID at 4-5; *see Yunus*, 242 F.3d at 1371. A party "whose submissions lack clarity risks being found to have failed to meet his burden of proof." *Luecht v. Department of the Navy*, 87 M.S.P.R. 297, ¶ 8 (2000).

¶8       We also agree with the administrative judge that the appellant failed to make the requisite nonfrivolous allegation that he made a protected disclosure which a reasonable person would believe evidenced a violation of law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. ID at 5-6. The entirety of the appellant's argument is not much more than conclusory allegations of wrongdoing, very little of which even touches on the subject of his purported disclosure, and the information that does refer to it is vague and potentially contradictory. For example, it appears that the appellant told the agency's Office of Inspector General that he had reported an instance of firearms mishandling to his supervisor, IAF, Tab 5 at 4, but, in the appellant's own account, he instead claims that the supervisor was there at the time of the incident, "did not stop it," and that another employee put a stop to the class, *id.* at 9. Moreover, nearly all of the information in the record about any alleged firearms incidents is contained in statements made by the appellant's coworkers, and absolutely nothing the appellant provided below, or that he provides with his petition for review, identifies what he disclosed, to whom he disclosed it, or when he made the alleged protected disclosure for which he contends that the agency retaliated against him. IAF, Tabs 1, 5; PFR File, Tab 1 at 6-20.

¶9       As for the appellant's allegations of reprisal for filing an EEO complaint, under 5 U.S.C. § 1221(a), as amended by the Whistleblower Protection Enhancement Act, Pub. L. No. 112-199, 126 Stat. 1465 (WPEA),

section 101(b)(1)(A), an employee, former employee, or applicant for employment may, with respect to any personnel action taken, or proposed to be taken against such employee, former employee, or applicant for employment, as a result of a prohibited personnel practice described in 5 U.S.C. § 2302(b)(8) or § 2302(b)(9)(A)(i), (B), (C), or (D), seek corrective action from the Board. Among other things, the WPEA expanded the scope of 5 U.S.C. § 2302(b)(9), to include:

> (A) the exercise of any appeal, complaint, or grievance right granted by any law, rule, or regulation—
>
> (i) with regard to remedying a violation of paragraph (8); or
>
> (ii) other than with regard to remedying a violation of paragraph (8).

However, of those two categories, the WPEA only extended the Board's IRA jurisdiction to claims arising under 5 U.S.C. § 2302(b)(9)(A)(i) but not to those arising under (b)(9)(A)(ii). *See* WPEA section 101(b)(1)(A).

¶10    The administrative judge found that the appellant's failure to claim that his EEO complaint involved remedying a violation of 5 U.S.C. § 2302(b)(8), precludes finding Board jurisdiction over this IRA appeal on that basis. ID at 6-7. The only documentation in the record regarding the substance of the appellant's EEO complaint does not indicate that he sought therein to remedy whistleblower reprisal, *see* IAF, Tab 7, Subtab 4B at 4, and it was therefore not a protected disclosure under the WPEA, *e.g.*, *Reed v. Department of Veterans Affairs*, 122 M.S.P.R. 165, ¶ 13 (2015). Thus, we agree with the administrative judge that the Board lacks jurisdiction to consider such a claim in this IRA appeal. ID at 7.

¶11    Lastly, we address the appellant's contention that the administrative judge denied him discovery and a hearing with witnesses. First, we note that the administrative judge made no rulings regarding discovery, and, as set forth above, we agree with his decision to dismiss this IRA appeal for lack of jurisdiction without holding a hearing. Regarding discovery, the record reflects that the

appellant erroneously filed his discovery requests, as well as his responses to the agency's discovery, with the administrative judge, who returned them to the appellant along with an explanation of why he was doing so. *See* IAF, Tabs 6, 10. The record also reflects that the appellant attempted to file a motion to compel which was received by the regional office after the administrative judge issued his initial decision. PFR File, Tab 1 at 24-26.[3] Because the administrative judge therefore made no actual rulings on the issue, there is no basis on which to find that the administrative judge abused his discretion concerning discovery. *See Wagner v. Environmental Protection Agency*, 54 M.S.P.R. 447, 452 (1992) (the Board will not reverse an administrative judge's rulings on discovery matters absent an abuse of discretion), *aff'd*, 996 F.2d 1236 (Fed. Cir. 1993) (Table). Moreover, the appellant was not entitled to engage in discovery regarding his IRA appeal because he failed to raise a nonfrivolous allegation that he made a protected disclosure that was a contributing factor in the agency's decision to take or fail to take a personnel action. *See, e.g.*, *Sobczak v. Environmental Protection Agency*, 64 M.S.P.R. 118, 122 (1994).

¶12    Accordingly, for the reasons set forth above, we agree with the administrative judge's determination that the appellant failed to establish jurisdiction over this IRA appeal.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has

---

[3] The appellant's motion did not comply with the Board's regulation setting forth the requirements for a motion to compel discovery. *See* PFR File, Tab 1 at 24-26; *see also* 5 C.F.R. § 1201.73(c).

held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.