NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MATTHEW J. NASUTI,**
*Petitioner*

**v.**

**DEPARTMENT OF STATE,**
*Respondent*

---

2016-2479

---

Petition for review of the Merit Systems Protection Board in No. DC-1221-12-0321-B-1.

---

Decided: January 13, 2017

---

MATTHEW J. NASUTI, Deerfield, MA, pro se.

MICHAEL D. SNYDER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by REGINALD T. BLADES, JR., ROBERT E. KIRSCHMAN, JR., BENJAMIN C. MIZER.

---

Before LOURIE, O'MALLEY, and TARANTO, *Circuit Judges.*

PER CURIAM.

On March 13, 2008, the U.S. Department of State appointed Matthew Nasuti to a one-year, excepted-service position as a Senior Management Advisor in the Iraq Transition Assistance Office. Just two weeks later, on March 28, 2008, the State Department terminated Mr. Nasuti's appointment "for operational reasons." Mr. Nasuti appealed to the Merit Systems Protection Board, alleging that his termination violated the Whistleblower Protection Act, 5 U.S.C. § 2302(b)(8). After Mr. Nasuti repeatedly failed to comply with the administrative judge's discovery orders, the administrative judge sanctioned him by cancelling his hearing and deciding the case based on the written record. In that decision, the administrative judge found that Mr. Nasuti failed to prove that any alleged protected disclosure was a contributing factor in the agency's decision to terminate his appointment. The administrative judge found, in the alternative, that the agency would have terminated Mr. Nasuti even in the absence of any protected disclosure. For those reasons, the administrative judge rejected the whistleblower claim. We affirm.[1]

I

In the first two weeks of Mr. Nasuti's appointment in March 2008, he attended the State Department's Iraq Orientation/Foreign Affairs Counter–Terrorism course.

---

[1] We have described much of the factual background for this appeal in three earlier opinions. *See Nasuti v. Merit Sys. Prot. Bd.*, 504 F. App'x 894, 896–97 (Fed. Cir. 2013); *Nasuti v. Merit Sys. Prot. Bd.*, 445 F. App'x. 355, 356–57 (Fed. Cir. 2011); *Nasuti v. Merit Sys. Prot. Bd.*, 376 F. App'x 29, 30–33 (Fed. Cir. 2010).

On March 28, Dora Hanna, Director for Iraq Transition Assistance Office Personnel, advised Mr. Nasuti that he was being terminated "for operational reasons." Mr. Nasuti appealed his termination to the Board, which dismissed his appeal, concluding that it did not have jurisdiction because he was not an "employee" under 5 U.S.C. § 7511. *Nasuti v. Dep't of State*, No. DC-0752-08-0644-I-1 (M.S.P.B. Sept. 4, 2008). Nasuti did not appeal that decision.

In October 2008, Mr. Nasuti filed a complaint with the Office of Special Counsel, arguing that he was terminated in retaliation for making disclosures protected under the Whistleblower Protection Act, 5 U.S.C. § 2302(b)(8). In particular, Mr. Nasuti alleged that he had made multiple protected disclosures, including about the State Department's exposure of trainees to noise levels, issuance of inadequate body armor to certain employees, dissemination of information regarding Iran's nuclear weapons, and use of "human shield" training.

When the Office did not take corrective action, Mr. Nasuti filed an individual-right-of-action appeal to the Board under 5 U.S.C. § 1221. The Board dismissed for lack of jurisdiction, concluding that Mr. Nasuti had failed to exhaust his administrative remedies and that his noise-level disclosure was not protected because it was made to the alleged wrongdoer. *Nasuti v. Dep't of State*, 112 M.S.P.R. 587, 595–97 (2009). We remanded to determine whether a letter concerning the noise-level disclosure should have been included in the administrative record. *Nasuti*, 376 F. App'x at 32–33. The Board concluded that the letter should not have been included, *Nasuti v. Dep't of State*, No. DC-1221-09-0356-M-1, 116 M.S.P.R. 172 (M.S.P.B. Dec. 16, 2010), and we affirmed that decision on appeal, *Nasuti*, 445 F. App'x 355.

In October 2011, Nasuti filed a second complaint with the Office, reiterating his earlier allegations regarding

unsafe noise levels, inadequate body armor, Iran's nuclear weapons, and "human shield" training. He also alleged an additional disclosure concerning defective chemical warfare suits. In February 2012, Nasuti again filed an individual-right-of-action appeal with the Board after the Office did not take corrective action. The Board dismissed for lack of jurisdiction, concluding that Mr. Nasuti had failed to non-frivolously allege that any of his alleged disclosures constituted protected whistleblowing and that his attempts to litigate most of those disclosures were subject to issue preclusion because of its decision in his first individual-right-of-action appeal. *Nasuti v. Dep't of State*, No. DC-1221-12-0321-W-1 (M.S.P.B. May 31, 2012).

On appeal, we affirmed the Board's conclusions regarding most of Mr. Nasuti's allegations, but remanded to the Board to determine whether the Whistleblower Protection Enhancement Act of 2012, Pub. L. No. 112–199, 126 Stat. 1465, which expanded the scope of protected disclosures, applied to Mr. Nasuti's alleged body-armor disclosure. *Nasuti*, 504 F. App'x at 899. The Board determined that the Act applied retroactively and that Mr. Nasuti's allegations were sufficient to establish jurisdiction. *Nasuti v. Dep't of State*, 120 M.S.P.R. 588, 592 (2014). Accordingly, the Board remanded to an administrative judge to decide the issue on the merits. *Id.* at 592–94.

On remand, both Mr. Nasuti and the State Department filed motions to compel responses to certain discovery requests. On April 3, 2015, the administrative judge granted both motions in part, ordering the parties to comply with each other's requests. In addition, the administrative judge ruled that the State Department could renew its motion to depose Mr. Nasuti and directed the parties "to conduct such deposition within 30 days of the date of this Order, having first conferred as to a mutually convenient time and place." Pet'r's App. 6. On April 24, the State Department again moved to compel, arguing

that Mr. Nasuti had failed to comply with the administrative judge's discovery order and had refused to cooperate with its attempts to schedule his deposition. In support, the State Department provided a copy of an email correspondence with Mr. Nasuti, in which he failed to provide responsive replies to its inquiries. Mr. Nasuti did not reply to the agency's renewed motion.

On May 5, 2015, the administrative judge notified Mr. Nasuti that he had failed to comply with the April 3, 2015 order and that sanctions were appropriate. Nevertheless, the administrative judge refrained from imposing sanctions, stating that Mr. Nasuti may have "mistakenly believed" that a petition for a writ of mandamus he filed in this court on March 16, 2015, "relieved him of the obligation to respond to" the discovery order. Pet'r's App. 31.[2] The administrative judge ordered Mr. Nasuti to respond, within ten days, to the State Department's discovery requests and to provide it with dates in May in which he would be available to be deposed. The administrative judge warned that Mr. Nasuti's failure to comply would "result in the imposition of sanctions, specifically, a prohibition on the submission of any additional evidence in support of his claim, the cancellation of his request for a hearing, and a closing of the record in this case, with a subsequent decision to be rendered on the existing written record." Pet'r's App. 31.

In response to the May 5, 2015 order, although Mr. Nasuti provided "supplemental discovery responses" to the State Department, he insisted that he could not afford to take a deposition "in Washington, D.C. or anywhere

---

[2] While the remand was pending, Mr. Nasuti twice petitioned this court for a writ of mandamus. We denied both petitions. *In re Nasuti*, No. 15-129 (Fed. Cir. May 15, 2015); *In re Nasuti*, 568 F. App'x 887, 888 (Fed. Cir. 2014).

else" and that, even if he could afford to attend a deposition, such a deposition would be "abusive" because the State Department continued to "block" his "access to crucial information, documents and witnesses." Pet'r's App. 8. Additionally, Mr. Nasuti refused to provide answers to certain interrogatories and document requests, stating that his answers to those requests would reveal the names of "officials who potentially fear [State] Department retaliation." Pet'r's App. 8. Mr. Nasuti also refused to respond to other relevant documents because of his belief that they were "abusive, irrelevant," "unclear," or "privileged," and stated that, in any event, the proceeding was "moot because neither the State Department nor the [Board] are interested in discovery or in holding either an expeditious or thorough hearing on the merits." Pet'r's App. 9.

The administrative judge then imposed the threatened sanctions. He cancelled Mr. Nasuti's request for a hearing and prohibited Mr. Nasuti from submitting any additional evidence in support of his claims. The administrative judge notified the parties that he would render a decision based on the written record.

On July 1, 2016, the administrative judge decided Mr. Nasuti's appeal without a hearing. *See Nasuti v. Dep't of State*, D.C.-1221-12-0321-B-1 (M.S.P.B. July 1, 2016). The administrative judge found that Mr. Nasuti proved that he reasonably believed that the State Department's issuance of particular body armor to certain employees evidenced a substantial and specific threat to public health and safety. Nevertheless, the administrative judge denied Mr. Nasuti's appeal because, he found, Mr. Nasuti had failed to establish that his alleged disclosure was a contributing factor in the agency's decision to terminate his appointment. The administrative judge also found that the State Department had established, by clear and convincing evidence, that it would have terminated Mr. Nasuti in the absence of any whistleblowing activity.

Mr. Nasuti did not seek review by the Board, and so the administrative judge's decision became final and appealable to this court. 5 C.F.R. § 1201.113. Mr. Nasuti appeals. We have jurisdiction under 28 U.S.C. § 1925(a)(9).

## II

Under 5 U.S.C. § 7703, we must affirm the Board's decision unless "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." We review the Board's factual findings, including those concerning protected disclosures, for substantial evidence. *See, e.g.*, *Miller v. Dep't of Justice*, 842 F.3d 1252, 1257 (Fed. Cir. 2016). We review the Board's procedural and evidentiary decisions for abuse of discretion. *Spezzaferro v. Fed. Aviation Admin.*, 807 F.2d 169, 173 (Fed. Cir. 1986). In doing so, we presume that the Board carries out its duties in good faith. *Id.*

## A

We first address Mr. Nasuti's argument that the administrative judge acted unlawfully or otherwise abused his discretion by cancelling the hearing. Under 5 C.F.R. § 1201.43, an administrative judge may impose sanctions on a party who fails to comply with the judge's orders. Pursuant to that authority, an administrative judge "may cancel a scheduled hearing, or suspend or terminate a hearing in progress, for contumacious conduct or conduct prejudicial to the administration of justice on the part of the appellant or the appellant's representative." 5 C.F.R. § 1201.43. "Before imposing a sanction, the judge shall provide appropriate prior warning, allow a response to the actual or proposed sanction when feasible, and document the reasons for any resulting sanction in the record." *Id.*

Contrary to Mr. Nasuti's contention, 5 U.S.C. § 7701(a), which provides that a federal employee who appeals to the Board "shall have the right . . . to a hearing for which a transcript will be kept," did not entitle him to a hearing regardless of whether he complied with the administrative judge's discovery orders. In *Ahlberg v. Department of Health & Human Services*, 804 F.2d 1238 (Fed. Cir. 1986), we held that § 7701(a) did not preclude the Board from dismissing an appeal under § 1201.43 for failure to prosecute. *Id.* at 1244–45. There, the presiding official "warned" the appellants that their refusal to comply with an order to provide certain requested information would result in the dismissal of their appeal. *Id.* at 1242. We upheld the Board's actions, explaining that the appellants' failure to comply, despite the warning, "waived any right they may have had to a hearing." *Id.* at 1243.

Here, the administrative judge warned Mr. Nasuti that his continued failure to comply with the administrative judge's discovery orders would result in the cancellation of the hearing. Nevertheless, Mr. Nasuti refused to comply with those orders and did not substantiate his reasons for doing so. Mr. Nasuti further asserted that the Board proceedings were "moot" because the administrative judge was not interested in holding an "expeditious or thorough hearing on the merits." Pet'r's App. 9. As we explained in *Ahlberg*, § 7701 is not so absolute as to require the Board to hold a hearing in the face of such repeated defiance. *See Ahlberg*, 804 F.2d at 1243.

To the extent that Mr. Nasuti argues that the administrative judge abused his discretion in imposing sanctions under § 1201.43, we disagree. The administrative judge cancelled the hearing only after Mr. Nasuti refused to comply with the administrative judge's discovery orders on two separate occasions—and only after Mr. Nasuti was warned that continued refusal would result in cancellation. This is not a case in which a hearing was cancelled

despite the presence of a good excuse for the conduct that led to the cancellation. *Compare Habtemariam v. Office of Pers. Mgmt.*, 180 F. App'x 968, 970–71 (Fed. Cir. 2006). We cannot say that Mr. Nasuti's behavior did not rise to the level of "contumacious conduct or conduct prejudicial to the administration of justice" for which cancellation of a hearing is within the Board's discretion. 5 C.F.R. § 1201.43.

## B

We also reject Mr. Nasuti's challenges to the administrative judge's denial of his whistleblower claim. To prevail, Mr. Nasuti was required to establish that his alleged disclosure "was a contributing factor in the personnel action" that was taken against him. 5 U.S.C. § 1221(e)(1). Here, however, substantial evidence supports the administrative judge's finding that Mr. Nasuti failed to prove that the State Department officials responsible for his termination were aware of his disclosure at the time they made that decision.

Before the administrative judge, Mr. Nasuti conceded that he did not make his body-armor disclosure to Ms. Hanna or any other State Department official he argued to be responsible for his termination. Instead, Mr. Nasuti alleged that he made the disclosure to "multiple officials" in the Iraq Transition Assistance Office, "a senior official at the Foreign Service Institute," and "fellow classmates." Pet'r's App. 14. He did not identify any of the officials or allege that they were involved in his termination. Given that record, the administrative judge's finding was supported by substantial evidence.

Likewise, the administrative judge reasonably rejected Mr. Nasuti's assertions regarding two emails he received from Deborah Strom, a State Department employee. As the administrative judge found, those emails establish only that Mr. Nasuti asked to bring his own gear with him to Iraq. They do not establish that Mr.

Nasuti disclosed his broad concerns regarding the body armor the State Department was providing to its employees.

On appeal, Mr. Nasuti does not identify any defects in the administrative judge's reasoning. Instead, he argues mainly that the State Department official who terminated him lacked authority to do so. As the administrative judge noted, however, we have previously held those arguments to be precluded. *Nasuti*, 504 Fed. App'x at 899. We therefore have no basis for disturbing the administrative judge's finding.

Because the administrative judge reasonably found that Mr. Nasuti did not prove that his alleged disclosure was a contributing factor in his termination, and we see no error in that finding or the process, we must affirm the denial of his whistleblower claim. We do not need to review the administrative judge's alternative finding, that the State Department proved, by clear and convincing evidence, that it would have terminated Mr. Nasuti even in the absence of any whistleblowing activity.

CONCLUSION

For the foregoing reasons, we affirm the judgment of the Merit Systems Protection Board.

**AFFIRMED**